*15*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case:3:20-cr-20305
Judge: Cleland, Robert H.
MJ: Whalen, R. Steven
Filed: 07-23-2020 At 01:47 PM
INDI USA V. SEALED MATTER (DA)

v.

D-1 OSMANY ANDRADES VALDES,

        Defendant.

_____/

VIO: 18 U.S.C. § 1347
      18 U.S.C. § 2
      18 U.S.C. § 1957
      18 U.S.C. § 982

## INDICTMENT

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Medicare Program

1.    The Medicare program was a federal health care program providing benefits to persons who were 65 or older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

3.      Medicare covered different types of benefits and was separated into different program "parts." "Part A" of the Medicare program covered certain eligible home health care costs for medical services provided by a home health agency ("HHA"), also referred to as a "provider," to persons who already qualified for Medicare and who additionally required home health services because of an illness or disability that caused them to be homebound.

4.      National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan.  TrustSolutions LLC was the Program Safeguard Contractor for Medicare Part A in the state of Michigan until April 24, 2012, when it was replaced by Cahaba Safeguard Administrators LLC as the Zone Program Integrity Contractor ("ZPIC"). The ZPIC was the contractor charged with investigating fraud, waste and abuse.  Cahaba was replaced by AdvanceMed in May 2015.

5.      By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all

the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

6.     Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as an "NPI"). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the NPI assigned to that medical provider.

7.     In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92) containing the required information appropriately identifying the provider, patient, and services rendered.

8.     Health care providers were given, and provided with online access to, Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

9.     Medicare only covered services that were both medically necessary and rendered.

10.     Medicare only covered home health services, if:

a.      the Medicare beneficiary is under the care of a doctor and receiving services under a plan of care established and reviewed regularly by a doctor;

b.      the Medicare beneficiary needs, and a doctor certifies that the beneficiary needs, one or more of the following: (i) Intermittent skilled nursing care; (ii) Physical therapy; (iii) Speech-language pathology services; or (iv) Continued occupational therapy;

c.      the home health agency must be approved by Medicare (Medicare-certified); and

d.      the Medicare beneficiary is homebound, and a doctor certifies that the Medicare beneficiary is homebound.

11.     Medicare rules allowed home health agencies to submit requests for advance payments ("RAPs") at the start of a patient's care. Providers could receive up to 60% of the total claim amount, pursuant to a RAP request, at the beginning of an episode of care. At the conclusion of the episode of care, a final claim must have been submitted in order for the provider to receive the remainder of the Medicare reimbursement for each claim.

**The Related Home Health Agency**

12.     Nu-Wave Home Health Care, Inc. ("Nu-Wave") was a Michigan Corporation doing business at 32540 Schoolcraft Road, Suite 230, Livonia,

4

Michigan 48150.  Nu-Wave was enrolled as a participating Medicare provider and submitted claims to Medicare.  Nu-Wave was a home health agency that purportedly provided in-home physical therapy, occupational therapy, speech pathology, and/or skilled nursing services to patients.

### The Defendant and Related Entities

13.     OSMANY ANDRADES VALDES was a citizen and resident of Cuba. VALDES was the controller, operator, and owner of Nu-Wave, which conducted business throughout the Eastern District of Michigan.  VALDES assumed control and ownership of Nu-Wave in or around September 2016.

14.     Andrades Staffing Services, Corp. ("ASSC"), was a Florida corporation formed in or around November 2016.  ASSC was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury, and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

15.     Ebiz It Corp. ("Ebiz") was a Florida corporation that was formed in or around November 2016.   Ebiz was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

16.     Complete Office Works, Inc. ("COW") was a Florida corporation that was formed in or around December 2016.   COW was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury, and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

17.     Detailed by US Corp. ("Detailed") was a Florida corporation that was formed in or around December 2016.   Detailed was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury, and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

18.     EZE Cleaning Service, Inc. ("EZE") was a Florida corporation that was formed in or around November 2016.  EZE was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

19.     Macro Data Integration Corp. ("Macro") was a Florida corporation that was formed in or around December 2016.   Macro was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury, and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

20.     Precision Equipment Unlimited Corp. ("Precision") was a Florida corporation that was formed in or around December 2016.   Precision was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury, and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

21.     Staffing Strategies, Inc. ("Staffing") was a Florida corporation that was formed in or around November 2016.   Staffing was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury, and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

22.     Superior Representation, Inc. ("Superior") was a Florida corporation that was formed in or around December 2016.   Superior was owned and controlled by OSMANY ANDRADES VALDES and others known and unknown to the Grand Jury and operated for the benefit of VALDES and others known and unknown to the Grand Jury.

**COUNTS 1-4**
**Health Care Fraud**
**(18 U.S.C. §§ 1347 and 2)**

**D-1 OSMANY ANDRADES VALDES**

23.     Paragraphs 1 through 22 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

7

24.     From in or around September 2016 and continuing through in or around November 2017, in Wayne County, in the Eastern District of Michigan, and elsewhere, OSMANY ANDRADES VALDES and others, known and unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of, and payment for, health care benefits, items, and services.

### Purpose of the Scheme and Artifice

25.     It was the purpose of the scheme and artifice for the defendant and his accomplices to unjustly enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for his personal use and benefit, the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

26.     The manner and means by which the defendant and his accomplices sought to accomplish the purpose of the scheme and artifice included, among other things:

8

27.    OSMANY ANDRADES VALDES purchased and obtained control over Nu-Wave in or around September 2016.    Soon thereafter, in or around November 2016 and December 2016, VALDES and his accomplices established ASSC, Ebiz, COW, Detailed, EZE, Macro, Precision, Staffing, and Superior.

28.    OSMANY ANDRADES VALDES and his accomplices obtained the names and Medicare Beneficiary Numbers (also referred to as "HICNs") of Medicare beneficiaries and NPIs of physicians in order to submit false and fraudulent claims for home health services through Nu-Wave.  In submitting and causing the submission of these claims, VALDES falsely and fraudulently certified that the home health services were purportedly prescribed by a licensed physician and that they were provided to Medicare beneficiaries under Nu-Wave's care.

29.    OSMANY ANDRADES VALDES submitted and caused Nu-Wave to submit false and fraudulent claims to Medicare for home health services purportedly rendered to Medicare beneficiaries, when in truth and in fact, such home health services were not medically necessary and were not provided.  As a result of these false and fraudulent claims, Medicare made payments to Nu-Wave in an amount in excess of $37 million.

30.    OSMANY ANDRADES VALDES and his accomplices used ASSC, Ebiz, COW, Detailed, EZE, Macro, Precision, Staffing, and Superior to distribute the fraud proceeds to themselves and to conceal the fraudulent scheme.

### Acts in Execution of the Scheme and Artifice

31.     On or about the dates set forth below, in Wayne County, in the Eastern District of Michigan, and elsewhere, OSMANY ANDRADES VALDES, aided and abetted by others, and aiding and abetting others known and unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money or property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of, and payment for, health care benefits, items, and services, in that OSMANY ANDRADES VALDES and others submitted and caused to be submitted false and fraudulent claims to Medicare for payment for home health services that were not provided and were not medically necessary, as described in Paragraphs 1 through 22 and 26 through 30, with each execution set forth below forming a separate count:

| Count | Medicare Beneficiary | Approximate Date of Claim Submission | Claimed Date of Service | Description of Items Billed | Amount Paid by Medicare |
|---|---|---|---|---|---|
| 1 | S.A. | August 24, 2017 | July 19, 2017 | Home health services | $2,133.41 |
| 2 | M.B. | October 5, 2017 | July 21, 2017 | Home health services | $2,426.87 |

| 3 | L.L. | October 10, 2017 | September 18, 2017 | Home health services | $2,762.33 |
| 4 | S.M. | August 11, 2017 | August 11, 2016 | Home health services | $2,445.63 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS 5-6
### Money Laundering
### (18 U.S.C. §§ 1957 and 2)

### D-1 OSMANY ANDRADES VALDES

32.    Paragraphs 1 through 16 and 26 through 31 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

33.    On or about the dates set forth below, in Wayne County, in the Eastern District of Michigan, and elsewhere, OSMANY ANDRADES VALDES did knowingly engage and attempt to engage in the following monetary transactions by, though, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the payment of funds, such property having been derived from a specified unlawful activity, that is, health care fraud:

| Count | Date | Transaction |
|---|---|---|
| 5 | January 31, 2017 | Check for $13,572.61 from Nu-Wave Chase Bank Account x3768 to Ebiz It Corp. |

11

| 6 | February 10, 2017 | Check for $27,256.43 from Nu-Wave Chase Bank Account x3768 to Andrades Staffing Services, Corp. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## CRIMINAL FORFEITURE

34.     The above allegations contained in this Indictment are incorporated by reference as if set forth fully herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which OSMANY ANDRADES VALDES may have an interest, pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, and 28 U.S.C. § 2461.

35.     Upon conviction of any violation of 18 U.S.C. § 1347, as alleged in this Indictment, OSMANY ANDRADES VALDES shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from, gross proceeds traceable to the commission of such violation, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461.

36.     Upon conviction of any violation of 18 U.S.C. § 1957, as alleged in this Indictment, OSMANY ANDRADES VALDES shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461.

37. *Money Judgment*:  A sum of money equal to at least $35 million in United States currency, or such amount as is proved at trial in this matter, representing the total amount of gross proceeds obtained as a result defendant's violations, as alleged in this Indictment.

38. *Substitute Assets*:  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third party;

c.    Has been placed beyond the jurisdiction of the Court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek to forfeit any other property of the defendant up to the value of the forfeitable property described above.

THIS IS A TRUE BILL.                s/ Grand Jury Foreperson
                                              Grand Jury Foreperson

MATTHEW SCHNEIDER
United States Attorney


MALISA DUBAL
Assistant Chief
Criminal Division, Fraud Section
U. S. Department of Justice


 s/ Patrick J. Suter
PATRICK J. SUTER
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Eighth Floor
Washington, D.C. 20005
 (202) 679-1430
patrick.suter2@usdoj.gov

Date:  7/23/2020

| United States District Court Eastern District of Michigan | Criminal Case Cove | Case:3:20-cr-20305 Judge: Cleland, Robert H. MJ: Whalen, R. Steven Filed: 07-23-2020 At 01:47 PM INDI USA V. SEALED MATTER (DA) |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: PJS |

**Case Title:** USA v.  OSMANY ANDRADES VALDES

**County where offense occurred :**  Wayne

**Check One:**    ☒Felony          ☐Misdemeanor          ☐Petty

✓ Indictment/_____ Information --- **no** prior complaint.
_____Indictment/_____ Information --- based upon prior complaint [Case number: _____]
_____Indictment/_____ Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

July 23, 2020
Date

PATRICK J. SUTER, Trial Attorney
U.S. Dept. of Justice, Criminal Division, Fraud Section
1400 New York Ave. N.W., 8th Flr.
Washington, D.C. 20005
Phone:  (202) 679-1430
E-Mail address: Patrick.Suter2@usdoj.gov
Attorney Bar #:  CA 242494

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.